UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO MALPICA-GARCÍA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 08-2055 (JAF)

(Crim. No. 03-081)

## OPINION AND ORDER

Petitioner, Orlando Malpica-García, brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. Docket No. 1. Respondent, the United States of America, opposes, Docket No. 9, and Petitioner replies, Docket No. 10. Petitioner moves for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings. Docket No. 12.

I.

## Factual and Procedural History

On March 13, 2003, a federal grand jury indicted Petitioner on four criminal counts. Case No. 03-081, Docket No. 2. The court appointed Juan Álvarez Cobián as his attorney on March 21, 2003. Case No. 03-081, Docket No. 57. On July 3, 2003, the government sent Álvarez Cobián a plea offer for Petitioner of twenty years, expiring on July 28, 2003. Docket No. 1, Ex. B. Prior to the plea offer's expiration, on July 17, 2003, a federal grand jury issued a superseding indictment charging Petitioner and twenty six other

Civil No. 08-2055 (JAF)                                                -2-

1    individuals with conspiracy to possess controlled substances with

2    intent to distribute; conspiracy to use, carry, or possess a firearm;

3    and distribution of controlled substances near a school or public

4    housing. Case No. 03-081, Docket No. 149.

5        On January 26, 2004, Petitioner moved to change his attorney.

6    Case No. 03-081, Docket No. 282. Petitioner alleges in his sworn

7    affidavit that in early May 2004, Álvarez Cobián told him that the

8    government had made a twenty-year plea offer, and Petitioner asked

9    him if he could get a lower offer. Docket No. 1, Ex. A. Petitioner

10   claims that Álvarez Cobián said he would continue negotiations. Id.

11       On May 21, 2004, Álvarez Cobián sent Petitioner a letter stating

12   that he had received a plea offer of fifteen years, which Álvarez

13   Cobián had rejected, and that the government had recommended he make

14   a counteroffer of twelve years. Docket No. 1, Ex. C. Petitioner

15   alleges in his affidavit that on June 14, 2004, he told Álvarez

16   Cobián that he would accept a twelve-year plea offer. Docket No. 1,

17   Ex. A. He further states that he asked Álvarez Cobián to withdraw as

18   counsel and Álvarez Cobián agreed. Id.

19       On June 30, 2004, Petitioner again moved to change his attorney,

20   alleging that Álvarez Cobián had not sufficiently discussed the case

21   with Petitioner or provided discovery materials. Case No. 03-081,

22   Docket No. 533. The court held a change-of-attorney hearing on

23   July 15, 2004. Case No. 03-081, Docket No. 1050. At the hearing,

24   Álvarez Cobián stated that he had received plea offers from the

Civil No. 08-2055 (JAF)                                                   -3-

1    government and that Petitioner had informed him that Petitioner would

2    not accept offers of fifteen or twelve years. <u>Id.</u> In addition, the

3    court discussed Petitioner's potential sentence. <u>Id.</u> The Assistant

4    United States Attorney ("AUSA") stated that if convicted at trial

5    Petitioner could face a minimum of twenty years and, at most, a life

6    sentence, depending on his criminal record. <u>Id.</u> Petitioner did not

7    offer any response to these statements. <u>Id.</u> There is no evidence that

8    the government made any plea offers after this hearing. On July 19,

9    2004, the court denied the motion for change of attorney. <u>Case</u>

10   <u>No. 03-081, Docket No. 580</u>.

11       On July 1, 2005, following a six-day trial, a jury found

12   Petitioner guilty of the two conspiracy counts. <u>Case No. 03-081,</u>

13   <u>Docket No. 954</u>. On October 14, 2005, the court sentenced Petitioner

14   to concurrent terms of imprisonment of 385 months and 240 months and

15   five years of supervised release. <u>Case No. 03-081, Docket No. 1017.</u>

16       Petitioner appealed, and on June 6, 2007, the First Circuit

17   affirmed his sentence. <u>United States v. Malpica-García,</u>489 F.3d 393

18   (1st Cir. 2007). The Supreme Court denied certiorari on October 1,

19   2007. <u>United States v. Malpica-García</u>, 128 S. Ct. 316 (2007).

20       Petitioner moved for § 2255 relief on September 17, 2008.

21   <u>Docket No. 1</u>. Respondent opposed on November 28, 2008. <u>Docket No. 9</u>.

22   On March 9, 2009, Petitioner replied, <u>Docket No. 10</u>, and moved for an

23   evidentiary hearing, <u>Docket No. 12</u>.

Civil No. 08-2055 (JAF)                                              -4-

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the grounds that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

### Analysis

Because Petitioner is pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts that his sentence was unconstitutional because he received ineffective assistance from his trial counsel, Álvarez Cobián, during plea bargaining. Docket No. 1. Specifically,

Civil No. 08-2055 (JAF)                                                    -5-

1    Petitioner alleges that his counsel wrongly informed him of the

2    maximum sentence he faced if convicted at trial, failed to advise him

3    regarding the desirability of accepting a plea offer rather than

4    facing trial, and unilaterally rejected a plea offer. Id. Respondent

5    argues that Petitioner's allegations are foreclosed by the record,

6    specifically, the transcript of the change-of-attorney hearing.

7    Docket No. 9 (citing Case No. 03-081, Docket No. 1050).

8         To establish ineffective assistance of counsel, a petitioner

9    must show both that his counsel's performance was deficient and that

10   he suffered prejudice as a result of the deficiency. Strickland v.

11   Washington, 466 U.S. 668, 686-96 (1984). To show deficient

12   performance, a petitioner must "establish that counsel was not acting

13   within the broad norms of professional competence." Owens v. United

14   States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S.

15   at 687-91). To show prejudice, a petitioner must demonstrate that

16   "there is a reasonable probability that, but for counsel's

17   unprofessional error, the result of the proceedings would have been

18   different." Strickland, 466 U.S. at 694.

19        "[T]he decision whether to plead guilty or contest a criminal

20   charge is ordinarily the most important single decision in a criminal

21   case . . . ." United States v. Gordon, 156 F.3d 376, 380 (2d Cir.

22   1998) (quoting Boria v. Keane, 99 F.3d 492, 496-97 (2d Cir. 1996))

23   (internal quotation marks omitted). A defense attorney has a duty to

24   fully advise his or her client regarding whether a plea offer is

1    desirable; failure to do so may constitute ineffective assistance.

2    See United States v. González-Vázquez, 219 F.3d 37, 41 (1st Cir.

3    2000) (quoting Boria, 99 F.3d at 496). "Knowledge of the comparative

4    sentence exposure between standing trial and accepting a plea offer

5    will often be crucial to the decision whether to plead guilty."

6    United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). Moreover, an

7    attorney's failure to communicate a plea offer altogether may also

8    constitute ineffective assistance. See United States v. Rodríquez

9    Rodríguez, 929 F.2d 747, 753 (1st Cir. 1991). The decision to accept

10   or reject a plea offer is ultimately a decision to be made by the

11   client, not the attorney. See González-Vázquez, 219 F.3d at 41

12   (quoting Boria, 99 F.3d at 496-97). A petitioner may show prejudice

13   where an attorney fails to communicate a plea offer or provide advice

14   during plea bargaining. See, e.g., Rodríguez Rodríguez, 929 F.2d at

15   753 n.1 ("[T]he fact that a defendant, after rejecting a guilty plea,

16   still receives all the constitutional protections of trial does not

17   preclude an attack on sixth amendment grounds if counsel's

18   performance during plea bargaining fell below the range of competence

19   demanded of attorneys in criminal cases . . . . Furthermore, the mere

20   possibility that the district court might have rejected a plea

21   agreement does not preclude [a defendant] from showing prejudice."

22   (citations and internal quotation marks omitted)).

23       Petitioner states, in a sworn affidavit, that his counsel told

24   him he faced around twenty years whether he pled guilty or went to

1    trial. Docket No. 1, Ex. A. In fact, Petitioner faced a potential

2    life sentence at trial. Case No. 03-081, Docket No. 1014. Petitioner

3    also submits a letter indicating that his counsel rejected a plea

4    offer of fifteen years without first discussing the offer with

5    Petitioner. Docket No. 1, Ex. C. The statements made by counsel at

6    the change-of-attorney hearing do not alone foreclose the possibility

7    that Petitioner's allegations are true. The fact that the AUSA stated

8    what he thought Petitioner's sentence exposure might be does not

9    demonstrate that Petitioner was aware of the potential life sentence

10   during the preceding months when plea discussions were taking place.

11   See Case No. 03-081, Docket No. 1050. Nor does Álvarez Cobián's

12   statement that Petitioner had said he would not accept a plea offer

13   of twelve or fifteen years provide us enough information to determine

14   whether Petitioner received adequate advice during plea bargaining.

15   See id. Petitioner indicates that he would have accepted a plea offer

16   of fifteen or twenty years had he received adequate advice from his

17   counsel. See Docket No. 1 & Exs. A, B.

18       Petitioner's detailed allegations, if true, present a serious

19   ineffective-assistance-of-counsel question that would satisfy both

20   prongs of the Strickland standard. See, e.g., Rodríguez Rodríguez,

21   929 F.2d at 753. Whether Petitioner received ineffective assistance

22   of counsel depends upon the determination of facts that are not

23   apparent from the record. An evidentiary hearing is, therefore,

24   necessary for the disposition of Petitioner's claim.

Civil No. 08-2055 (JAF)                                              -8-

1                                    **IV.**

2                                **<u>Conclusion</u>**

3        For the foregoing reasons, we **GRANT** Petitioner's motion for an

4    evidentiary hearing, <u>Docket No. 12</u>.

5        **IT IS SO ORDERED.**

6        San Juan, Puerto Rico, this 26th day of May, 2009.

7                                        S/José Antonio Fusté
8                                        JOSE ANTONIO FUSTE
9                                        Chief U.S. District Judge