UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO MALPICA-GARCÍA,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil No. 08-2055 (JAF)<br><br>(Crim. No. 03-081) |

**OPINION AND ORDER**

On September 17, 2008, Petitioner Orlando Malpica-García brought this petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent, the United States of America, opposed on November 28, 2008 (Docket No. 9), and Petitioner replied and moved for an evidentiary hearing on March 9, 2009 (Docket Nos. 10, 11, 12). On May 26, 2009, we granted Petitioner an evidentiary hearing on the issue of whether Petitioner's counsel was ineffective for failing to inform Petitioner of available plea offers and his potential sentencing exposure at trial. (Docket Nos. 17, 18.) We held the hearing on August 5, 2009. (Docket No. 25.)

**I.**

**Factual and Procedural History**

On March 13, 2003, a federal grand jury indicted Petitioner on four criminal counts. (Case No. 03-081, Docket No. 2.) The court appointed Juan Álvarez Cobián ("Álvarez") as his attorney on March 21, 2003. (Case No. 03-081, Docket No. 57.) On July 17, 2003,

a federal grand jury issued a superseding indictment charging Petitioner and twenty-six other individuals with conspiracy to possess controlled substances with intent to distribute; conspiracy to use, carry, or possess a firearm; and possession of a firearm near a school zone. (Case No. 03-081, Docket No. 149.) On May 21, 2004, Álvarez sent Petitioner a letter stating that he had received a plea offer of fifteen years, which Álvarez had rejected, and that a counteroffer of twelve years had been discussed. (Docket No. 1, Ex. C.)

On June 30, 2004, Petitioner moved to change his attorney, alleging that Álvarez had not sufficiently discussed the case with him or provided discovery materials. (Case No. 03-081, Docket No. 533.) The court held a change-of-attorney hearing on July 15, 2004, to consider these issues. (Case No. 03-081, Docket No. 1050.) At the hearing, Álvarez stated that he had received plea offers from the government and that Petitioner had informed him that Petitioner would not accept offers of fifteen or twelve years. (Id.) In addition, the court discussed Petitioner's potential sentence. (Id.) The Assistant United States Attorney ("AUSA"), Marcos López, stated that if convicted at trial Petitioner faced a minimum of twenty years and a maximum life sentence, based upon his criminal record. (Id.) Petitioner did not offer any response to these statements. (Id.) On July 19, 2004, the court denied the motion for change of attorney. (Case No. 03-081, Docket No. 580.)

On July 1, 2005, following a six-day trial, a jury found Petitioner guilty of the two conspiracy counts. (Case No. 03-081, Docket No. 954.) On October 14, 2005, the court sentenced Petitioner to concurrent terms of imprisonment of 385 months and 240 months, and five years of supervised release. (Case No. 03-081, Docket No. 1017.) Petitioner appealed, and on June 6, 2007, the First Circuit affirmed his sentence. United States v. Malpica-García, 489 F.3d 393 (1st Cir. 2007). The Supreme Court denied certiorari on October 1, 2007. United States v. Malpica-García, 128 S. Ct. 316 (2007).

Petitioner moved for § 2255 relief on September 17, 2008, arguing that he received ineffective assistance of counsel. (Docket No. 1.) In particular, Petitioner asserted that his trial counsel had not informed him of his potential sentencing exposure at trial and had not communicated available plea offers to him. (Id.) On May 26, 2007, we granted Petitioner an evidentiary hearing to determine the facts surrounding these issues and appointed an attorney to represent him at the hearing. (Docket Nos. 17, 18.) We held the hearing on August 5, 2009. (Docket No. 25.)

At the hearing, Álvarez testified that from the beginning of the representation, he explained to Petitioner his potential sentencing exposure if he proceeded to trial. This included a statutory mandatory minimum of twenty years, based on his criminal record and drug convictions, and a maximum potential sentence of life imprisonment. Álvarez testified that he also explained the range of

sentencing alternatives to Petitioner, and that Petitioner understood his various options. Álvarez stated that Petitioner told him that he would not plead to more than ten years, and that because Petitioner felt Álvarez could not get him ten years or less, he sought to have Álvarez withdraw as his attorney. Petitioner wished to pursue a defense strategy that would frame him as an addict, rather than a trafficker. Álvarez believed the evidence would not support this theory.

Álvarez further testified about the several plea offers made prior to trial. Petitioner rejected the first plea offer of twenty years. AUSA Irene Feldman and Álvarez informally discussed a fifteen-year plea offer, and Álvarez informed her that it was too high and that Petitioner would not accept it. Álvarez testified that he informally countered with twelve years, subject to Petitioner's approval. Álvarez sent Petitioner a letter to this effect (Docket No. 1, Ex. C.); however, Petitioner refused to accept either a fifteen- or twelve-year plea. As trial approached, AUSA López assumed the case and made Petitioner a plea offer of sixteen years, which Petitioner rejected. AUSA López said that the offer remained on the table when trial began in July 2005. Petitioner tried his case on the theory that he was an addict, not a trafficker; the jury convicted him on the drug and firearms conspiracy counts.

Petitioner testified at the hearing that he would have accepted the fifteen or twelve-year offers had he known of them. He testified

that it is not true that he would have only accepted ten years. Petitioner claims he was never told about his sentencing exposure under the Sentencing Guidelines.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the grounds that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. Should a court find such an error, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

## III.

### Analysis

Petitioner asserts that his sentence was unconstitutional because he received ineffective assistance from his trial counsel during plea bargaining. (Docket No. 1.) Specifically, Petitioner alleges that his counsel failed to inform him of the maximum sentence he faced if convicted at trial, failed to advise him regarding the desirability of accepting a plea offer rather than facing trial, and failed to communicate plea offers. (Id.)

To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 686-96 (1984). To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

"[T]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case . . . ." United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998) (quoting Boria v. Keane, 99 F.3d 492, 496-97 (2d Cir. 1996)) (internal quotation marks omitted). A defense attorney has a duty to fully advise his or her client regarding whether a plea offer is desirable. See United States v. González-Vázquez, 219 F.3d 37, 41 (1st Cir. 2000) (quoting Boria, 99 F.3d at 496). "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). An attorney's failure to communicate a plea offer altogether may also constitute ineffective assistance. See United States v. Rodríguez

Civil No. 08-2055 (JAF)                                                -7-

*Rodríguez*, 929 F.2d 747, 753 (1st Cir. 1991); see also *González-Vázquez*, 219 F.3d at 41 (quoting *Boria*, 99 F.3d at 496-97).

After considering testimony from Álvarez and Petitioner at the hearing, we are satisfied that Petitioner received effective assistance from Álvarez during plea bargaining. Álvarez testified that he explained Petitioner's maximum sentence exposure to him and that Petitioner understood. He further testified that Petitioner informed him on multiple occasions that he would not accept a plea offer for more than ten years. Álvarez explained that he rejected the informal fifteen-year offer based on Petitioner's wishes, and that, when he discussed the possibility of fifteen- or twelve-year offers, Petitioner specifically rejected them.

Álvarez' testimony is bolstered by the transcript of the change-of-attorney hearing held on July 15, 2004, where, in Petitioner's presence, the attorneys discussed Petitioner's maximum potential sentence and the various plea offers that Petitioner had rejected. Petitioner voiced no objection or surprise to these statements. We find Álvarez to be credible because he is an experienced, serious attorney with many years of experience handling criminal cases in the Federal Public Defender's office and in private practice.

Petitioner's testimony, that Álvarez did not tell him that he would be exposed to a possible life sentence, explain the desirability of pleading guilty, or inform him of the fifteen-year plea offer, is not believable in light of the evidence. Rather,

Civil No. 08-2055 (JAF)                                           -8-

Petitioner's self-serving testimony appears to be an attempt to obtain a sentence reduction to what he would have obtained had he pled guilty when he had the opportunity.

We find that Álvarez rendered effective assistance during plea bargaining, because the evidence shows that he informed Petitioner of his potential sentence exposure at trial, explained to Petitioner the desirability of pleading guilty, communicated the fifteen-year plea offer to Petitioner, and sought a lower offer. Petitioner rejected both potential offers and chose to proceed to trial. Accordingly, § 2255 relief is not warranted.

**IV.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's motion for § 2255 relief (Docket No. 12).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of August, 2009.

                                         S/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                         Chief U.S. District Judge