UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO MALPICA-GARCÍA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 08-2055 (JAF)

(Crim. No. 03-081)

**O R D E R**

Petitioner, Orlando Malpica-García, requests a certificate of appealability ("COA") from this court to appeal our denial of his 28 U.S.C. § 2255 petition (Docket No. 27). (Docket No. 42.)

To appeal a final order of the district court in a § 2255 proceeding, a petitioner must first obtain a COA, 28 U.S.C. § 2253(c)(1)(B), which may issue from the district court, Grant-Chase v. Comm'r, N.H. Dep't of Corr., 145 F.3d 431, 435 (1st Cir. 1998). We grant a COA only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

On September 17, 2008, Petitioner requested relief from this court under § 2255, alleging ineffective assistance of counsel during the course of his plea negotiations. (Docket No. 1.) On May 26, 2009, we granted Petitioner an evidentiary hearing on the issue of whether Petitioner's trial counsel was ineffective for failure to inform Petitioner of available plea offers and of his

potential sentencing exposure at trial. (Docket Nos. 17, 18.) At the hearing, Petitioner's trial counsel testified that he had so informed Petitioner, and we found his testimony credible despite Petitioner's testimony to the contrary. (Docket No. 27 at 7-8.) In our order dated August 13, 2009 ("Order"), we concluded that trial counsel's performance had not been deficient and, thus, denied Petitioner's request for relief under § 2255. (Id.)

In the present application for COA, Petitioner maintains that his version of the facts, rejected in our Order, nevertheless sustain his claim for ineffective assistance of counsel. (See Docket No. 42 at 13.) But nothing in his application constitutes a showing, let alone a substantial one, that our Order was debatable or wrong. In large part, Petitioner argues that our Order, resolving factual questions, is inconsistent with our earlier decision granting the evidentiary hearing (Docket No. 17), in that the earlier decision identified those same factual questions as unresolved. (See, e.g., Docket No. 42 at 3-4, 11-12.) This argument defies logic. Petitioner also conjures testimony from the evidentiary hearing that is largely irrelevant to his specific ineffective-assistance claims and that falls far short of demonstrating that a reasonable jurist would find our assessment of his claims debatable. (See Docket No. 42 at 4-6, 12.) In short, Petitioner has not met the threshold showing required for us to grant a COA, namely that his claim of ineffective assistance of counsel is "adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (quoting Slack, 529 U.S. at 484).

Accordingly, we hereby **DENY** Petitioner's request for a COA under 28 U.S.C. § 2253 (Docket No. 42).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of December, 2009.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge