UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO MALPICA-GARCÍA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 08-2055 (JAF)

(Crim. No. 03-081)

**OPINION AND ORDER**

Pending before this court is Petitioner's motion under Federal Rule of Civil Procedure 60(b)(6) for relief from our denial of his petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 50.) Respondent, the United States of America, does not oppose.

**I.**

**Factual and Procedural History**

On July 1, 2005, following a six-day trial, a jury found Petitioner guilty of conspiracy to possess controlled substances with intent to distribute and conspiracy to use, carry, or possess a firearm. (Crim. No. 03-081, Docket No. 954.) On October 14, 2005, this court sentenced Petitioner to concurrent terms of imprisonment of 385 months and 240 months, and five years of supervised release. (Crim. No. 03-081, Docket No. 1017.) Petitioner appealed, and on June 6, 2007, the First Circuit affirmed his sentence. United States v. Malpica-García, 489 F.3d 393 (1st Cir. 2007). The Supreme Court denied certiorari on October 1, 2007. United States v. Malpica-García, 128 S. Ct. 316 (2007).

Petitioner moved for § 2255 relief on September 17, 2008, arguing that he received ineffective assistance of counsel. (Docket No. 1.) We granted Petitioner an evidentiary hearing to determine the facts surrounding these issues and appointed Attorney Anita Hill-Adames to represent him at the hearing. (Docket Nos. 17, 18.) We held the hearing on August 5, 2009, and subsequently denied his petition. (Docket No. 27.) On August 20, 2009, Petitioner filed a notice of appeal—without a petition for a certificate of appealability—from that decision. (Docket No. 29.) On March 13, 2010, Attorney Hill-Adames wrote Petitioner a letter instructing him on how to obtain new counsel. (Docket No. 50-4.) On March 25, 2010, the First Circuit issued its decision affirming denial of relief and denying a certificate of appealability. (Docket No. 48.) On April 25, 2011, Petitioner filed the present motion to set aside judgment under Rule 60(b)(6). (Docket No. 50.) The government does not oppose.

## II.

### Standard for Relief Under Rule 60(b)(6)

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for" specific reasons listed in clauses (1) through (5) of the rule, as well as the catch-all provision in clause (6), which includes "any other reason that justifies relief." Fed. R. Civ. P. 60(b). In the habeas context, we may consider such a Rule 60(b) motion when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (offering example of witness fraud on the habeas court as a permissible ground for Rule 60(b) relief) (citations omitted).

However, the Supreme Court has noted that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Id. at 532 n.5. A Rule 60(b) motion seeking "relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) (internal quotation marks and citations omitted). Once a court has determined that the Rule 60(b) motion is not a second § 2255 motion in disguise, "the motion may be adjudicated under the jurisprudence of Rule 60(b)." Id.

The first five clauses of Rule 60(b) enumerate specific reasons for grants of relief, such as the clause (1), which lists reasons of "mistake, inadvertence, surprise, or excusable neglect." F. R. Civ. P. 60(b). By contrast, Rule 60(b)(6) broadly covers "any other reason that justifies relief." Id. A party must bring a motion seeking relief "for reasons (1), (2), and (3) no more than a year after the entry of the judgment," in contrast to Rule 60(b)(6) motions, which must be made "within a reasonable time." F. R. Civ. P. 60(c). Rule 60(b)(6) "is a catch-all provision. In terms, it authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.'" Ungar v. PLO, 599 F.3d 79, 83 (1st Cir. 2010) (quoting Fed. R. Civ. P. 60(b)(6)). To prevail on a Rule 60(b)(6) motion, movants "must show extraordinary circumstances suggesting that the party is faultless in the delay" in seeking relief. Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006) (citing Pioneer Inc. v. Brunswick Assocs. Ltd., 507 U.S. 380, 393 (1993)). Additionally, the Supreme Court has noted that "clause (6) and

clauses (1) through (5) are mutually exclusive;" thus, a party may not seek relief in a 60(b)(6) motion for any of the reasons enumerated in clauses one through five, such as excusable neglect or surprise. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 n.11 (1988).

### III.

### Analysis

We first determine whether Petitioner's Rule 60(b) motion constitutes an impermissible second § 2255 petition. Deciding that we may reach the merits of the motion, we next determine whether Petitioner has established the "extraordinary circumstances" required to grant relief under Rule 60(b)(6). We frame our analysis using the precept that pleadings filed pro se are to be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Petitioner alleges that his habeas counsel committed "gross negligence" by: (1) failing to call Edwin Malpica Garcia[1]—who Petitioner claims would have corroborated his testimony—as a witness during the § 2255 evidentiary hearing; and (2) deciding not to file a Rule 60(b)(1) motion based on said failure to put the additional witness on the stand.[2] Petitioner argues that had habeas counsel taken either of these actions, this court would have reassessed

---

[1] Specifically, Petitioner alleges counsel "failed to satisfy minimal professional standards of care" by neglecting "to move this Honorable Court for a writ to allow Edwin Malpica Garcia—a federal prisoner—to appear and give testimony on [Petitioner's] behalf." (Docket No. 50 at 13.) We highly doubt that this testimony—which would have echoed the statement in his affidavit, which was part of the § 2255 record—would have made such a thunderous difference in our credibility assessment of Petitioner at the hearing.

[2] To the extent Petitioner couches his arguments regarding habeas counsel's decisions in the language of an ineffective assistance of counsel claim, we note that he has no right to counsel for collateral appeal and cannot bring such a claim against habeas counsel. Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002) (citing Penn. v. Finley, 481 U.S. 551, 555 (1987)) ("A convicted criminal has no constitutional right to counsel with respect to habeas proceedings."). The Supreme Court's recent decision in Martinez v. Ryan, 2012 U.S. LEXIS 2317 (Mar. 20, 2012), does nothing to change his situation.

Civil No. 08-2055 (JAF) -5-

its findings of credibility and found in his favor and, thus, we should grant Rule 60(b)(6) relief by vacating our denial of his petition and granting him a new second evidentiary hearing with the additional witness testimony. (Docket No. 50 at 14.) We find that the challenges to procedural aspects of this habeas proceeding—as opposed to the constitutionality of the underlying conviction—make up the bulk of his motion, and, thus, we decide the motion under Rule 60(b)(6) jurisprudence.

However, we find that Plaintiff has failed to establish the "exceptional circumstances" required to grant Rule 60(b)(6) relief. Cotto v. United States, 993 F.2d 274, 279 (1st Cir. 1993). "Rule 60(b) relief is extraordinary in nature and, thus, motions invoking that rule should be granted sparingly." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)) (internal quotation marks omitted). We reject Petitioner's threadbare assertions that counsel's strategic choices constituted gross negligence. We find nothing meriting such extraordinary relief in habeas counsel's strategic decision not to put a witness on the stand or decision not to file a Rule 60(b)(1) motion regarding this choice.[3] Regarding its decision in Chang v. Smith, the First Circuit has explained that "although a claim for inexcusable neglect [might] lie under the catch-all provision, the plaintiff had failed to make out a claim on the basis of his attorney's failure to file a Rule 60(b)(1) motion in the district court because the underlying neglect—counsel's acquiescence to a voluntary dismissal—was undertaken with plaintiff's knowledge" and Rule 60(b) does not

---

[3] Petitioner's motion states that the proposed testimony would have echoed that of an affidavit already in the record and, thus, would have added little. Moreover, the hypothetical Rule 60(b)(1) motion would have almost assuredly failed: Rule 60(b)(1) is not an appropriate vehicle for a challenge to "a deliberate strategic choice that did not work out." Ungar v. PLO, 599 F.3d 79, 85–86 (1st Cir. 2010). Even though we appointed Petitioner's habeas counsel, we cannot ignore "the general proposition that all parties are bound by the acts of their attorneys." Link v. Wabash R.R. Co., 370 U.S. 626 (1962).

offer relief from improvident strategic choices. Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 31 (1st Cir. 1988) (citing Chang v. Smith, 778 F.2d 83, 85 (1st Cir. 1985)).

> Nevertheless, it is well-settled that an attorney's neglect of a case will not provide the basis for a Rule 60(b)(6) motion. Even an attorney's gross negligence is not a basis for relief under Rule 60(b)(6) unless the gross negligence is explained by exceptional circumstances and the movant makes a showing of client diligence in the face of the attorney's negligence.

Cruz v. Mun. of Dorado, 780 F. Supp. 2d 157, 159 (D.P.R. 2011) (quoting Cobos v. Adelphi Univ., 179 F.R.D. 381, 388 (E.D.N.Y. 1998) (internal quotation marks omitted).

Even if we were to construe counsel's (eminently reasonable) actions as negligent, Petitioner has waited thirteen months to file this motion and failed to offer any explanations of exceptional circumstances—much less extraordinary circumstances, that illustrate that he is faultless in the delay. Pioneer Inv. Servs., 507 U.S. at 393; see also Lincoln Sav. Bank v. Carmelita Dev. Corp., 88 F.R.D. 648, 651 (D.P.R. 1980) (describing "classic" example of a party who "comes in more than a year after judgment with new legal representation to assert that it is a victim of some blunder of his prior counsel," and noting that courts "have repeatedly held that such a circumstance is not so extraordinary as to bring Rule 60(b)(6) into play").

Here, the circumstances are "all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the . . . issue"—well aware of counsel's decision not to put the additional witness on the stand and of her withdrawal as counsel, he nevertheless waited over a year before bringing a Rule 60(b) challenge. Gonzalez, 545 U.S. at 537. Based on the plentiful reasons discussed above, we find that Petitioner has failed to show that circumstances exist in this case to merit relief under Rule 60(b)(6).

Civil No. 08-2055 (JAF)                                                                                           -7-

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's Rule 60(b) motion.  (Docket No. 50.)

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 3rd day of April, 2012.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U.S. District Judge